IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DUANE ROLLINS, | § | |
| | § | |
| Defendant Below, | § | No. 141, 2017 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1212010904 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 21, 2017
Decided: April 25, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

## **ORDER**

This 25th day of April 2017, it appears to the Court that:

(1) On March 31, 2017, the appellant, Duane Rollins, filed a notice of appeal from a March 2, 2017, Superior Court order denying his motion for appointment of counsel, which he filed in connection with his first and second motions for postconviction relief. The Senior Court Clerk issued a notice to show cause directing Rollins to show why his appeal should not be dismissed based on this Court's lack of jurisdiction under Article IV, § 11(1)(b) of the Delaware Constitution to hear an interlocutory appeal in a criminal case. In his response to the notice to show cause, Rollins argues review would serve the interests of justice.

(2)     Under the Delaware Constitution, this Court may review only a final judgment in a criminal case.[1]  The Superior Court's denial of Rollins' motion to compel is an interlocutory, not final, order.[2]  This Court therefore does not have jurisdiction to review this appeal.[3]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice

---

[1] Del. Const. art. IV, § 11(1)(b).
[2] *See, e.g.*, *Harris v. State*, 2013 WL 4858990, at *1 (Del. Sept. 10, 2013) (holding Superior Court order denying motion for appointment of counsel is an interlocutory order).
[3] *Gottlieb v. State*, 697 A.2d 400, 401 (Del. 1997).